NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ANTONIO ROBLES-URUTHIA, Petitioner, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 11-73371 Agency No. A094-800-231 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2013[**]

Before:     CANBY, TROTT, and THOMAS, Circuit Judges.

Luis Antonio Robles-Uruthia, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we deny the petition for review.

Robles-Uruthia received three death threats and once had rocks thrown at him on account of his political activity, but was never physically harmed. Substantial evidence supports the agency's determination that, even considered cumulatively, Robles-Uruthia did not suffer harm rising to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (unfulfilled threats, without more, generally do not constitute past persecution). Substantial evidence also supports the agency's determination that Robles-Uruthia's fear of future persecution was speculative, *see Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003), and that Robles-Uruthia failed to establish the government was unwilling to control the perpetrators, *see Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to report non-governmental persecution due to belief that police would do nothing did not establish that government was unwilling or unable to control persecutors). Accordingly, Robles-Uruthia's asylum claim fails.

Because Robles-Uruthia failed to meet the lower burden of proof for asylum, his withholding of removal claim necessarily fails. *See Zehatye*, 453 F.3d at 1190.

11-73371

Finally, Robles-Uruthia does not raise any arguments in his opening brief regarding the agency's denial of his CAT claim. Accordingly his CAT claim is waived. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996).

**PETITION FOR REVIEW DENIED.**